IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ANNIE JO BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05cv936(JCC) |
| ) | |
| JOHN E. POTTER, ) | |
| Postmaster General, ) | |
| United States Postal Service ) | |
| ) | |
| Defendant. ) | |

### **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant's Partial Motion to Dismiss or, in the alternative, for Summary Judgment. For the following reasons, the Court will grant Defendant's Partial Motion to Dismiss and deny Defendant's alternative Motion for Summary Judgment.

### **I.  Background**

Plaintiff, Annie Jo Bailey, is a former employee of the United States Postal Service ("USPS") who was assigned to work at Washington Reagan National Airport as a ramp clerk. In June 2003, Plaintiff filed an administrative Equal Employment Opportunity ("EEO") complaint against the USPS alleging retaliation, wrongful denial of overtime work, and improper denial of her bid assignment.[1] On February 23, 2004, Plaintiff filed a second EEO complaint, alleging that the USPS had

---

[1] The investigation and settlement stemming from the June 2003 complaint are hereinafter referred to as *Bailey I*.

improperly handled certain leave issues.[2] *Bailey II* went to mediation and was resolved through a settlement agreement dated April 16, 2004.  That agreement, which purported to be the "complete and final settlement of the subject matter," provided as follows:

> (1) Concerning the FMLA Ms. Bailey will work with Mr. Jordan to get a proper application and certification for FMLA protection for her absences.
> (2) Mr. Greer [sic] will review from April 2003 to January 2004 to see that leave has been correctly coded.
> (3) Ms. Bailey's work schedule will be changed for a later start time, on days when she will not be scheduled to work in her scheduled work.

(Compl. Ex. 1, at 1.)  The agreement also provided that "by signing this agreement the counselee withdraws any and all pending EEO complaints and appeals relative to the subject matter of these complaints."  (*Id.* at 2.)

In a letter to the EEO office in Capitol Heights, Maryland, dated May 28, 2004, Plaintiff asserted that the *Bailey II* settlement agreement had been breached.  Specifically, she stated:

> What I consider a reasonable length of time the settlement agreement has not been implemented.  (Thirty days.)

---

[2] The investigation and settlement stemming from the February 2004 complaint are hereinafter referred to as *Bailey II*.  The proceedings in *Bailey II* were based on Plaintiff's allegation that she should have received compensation for a period from April 2003 until January 2004 during which time the USPS charged her for leave without pay.

>     Item (2) Code for time used from April 25, 2003 to
>     January 24, 2004 has not been corrected.

(Def.'s Mot. Ex. 3.)  On June 24, 2004, the USPS EEO office replied to Plaintiff's letter, informed her that the alleged breach would be investigated, and advised her of her right pursuant to 29 C.F.R. § 1614.504(a) to "request that the terms of the agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased."  (Def.'s Mot. Ex. 4.)

On August 26, 2004, the USPS EEO office issued its determination to Plaintiff that there had been no breach of the *Bailey II* settlement agreement.  (Def.'s Mot. Ex. 5.)  Plaintiff appealed this finding to the Equal Employment Opportunity Commission ("EEOC").  In a decision dated February 23, 2005, the EEOC determined that the USPS had substantially performed its obligations under the *Bailey II* settlement agreement.  *Bailey v. Potter*, Appeal No. 01A46061, 2005 WL 513688 (E.E.O.C. Feb. 23, 2005).

On April 18, 2005,[3] Plaintiff and the USPS agreed to settle the *Bailey I* claims.  Under the terms of the *Bailey I* settlement agreement, the USPS agreed to pay Plaintiff $300 in settlement of the *Bailey I* claims and in exchange for a global release of all asserted and unasserted claims Plaintiff had

---

[3] The agreement itself is dated April 18, 2005.  (Def's Mot. Ex. 7, at 1.)  Plaintiff executed the agreement on May 12, 2005.  (*Id.* at 4.)

against the USPS up until the date of the agreement.  (Def.'s Mot. Ex. 7.)  The global release provided for one exemption, stating:  "This waiver and release does not apply to any and all claims asserted in *Bailey v. Potter*, EEOC Appeal No. 05A50698,[4] Agency Case No. 1K-203-0005-04."  (*Id.* at 2-3.)

On August 15, 2005, Plaintiff filed the instant civil action pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-797, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12113.  Plaintiff's two-count amended complaint sets forth claims for breach of the *Bailey II* settlement agreement and constructive discharge.  The constructive discharge claim is premised on Defendant's alleged continuing failure to accommodate Plaintiff's disabilities.  On January 20, 2006, the government filed a partial Motion to dismiss the amended complaint, or in the alternative, a Motion for summary judgment.  This Motion is before the Court.

## II.  Standard of Review

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Where subject matter jurisdiction is challenged, the factual allegations are assumed true.  *See Virginia v. United States*, 926

---

[4] This citation was a reference to Plaintiff's request for reconsideration of the EEOC's February 23, 2005 disposition of her claims under the *Bailey II* settlement agreement.  Plaintiff's request for reconsideration was pending at the time the *Bailey I* settlement agreement was executed and was denied on May 20, 2005.  *See Bailey v. Potter*, Request No. 05A50698, 2005 WL 1275281 (E.E.O.C. May 20, 2005).

F. Supp. 537, 540 (E.D. Va. 1995). If, however, "the motion challenges the actual existence of the Court's subject matter jurisdiction, . . . the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Id.* (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994)). The burden of proving subject matter jurisdiction is on the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)(citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

As set forth in Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the moving party can show by affidavits, depositions, admissions, answers to interrogatories, pleadings, or other evidence, "that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56 mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party is not entitled to summary judgment if there is a genuine issue of material fact in dispute. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of fact exists if a reasonable jury could return a verdict for a nonmoving party. *See id.* In other words, summary judgment appropriately lies only if there can be but one reasonable conclusion as to the verdict. *See id.* As the Fourth Circuit explained,

> [W]e must draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion. Summary judgment is appropriate only where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, such as where the non-moving party has failed to make a sufficient showing on an essential element of the case that the non-moving party has the burden to prove.

*Tuck v. Henkel Corp.*, 973 F.2d 371, 374 (4th Cir. 1992) (citations omitted), *abrogated on other grounds in Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993).

**III.  Analysis**

A.  Exhaustion of Administrative Remedies

Plaintiff has filed claims under the ADA and the Rehabilitation Act.  The ADA adopts the "powers, remedies, and procedures" of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as its own.  *See* 42 U.S.C. § 12117(a).  Similarly, the Rehabilitation Act adopts the "remedies, procedures, and rights" of Title VII.  *See* 29 U.S.C. § 794a(a)(1).

To bring a civil action under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC.  *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000).  The Fourth Circuit has instructed that "[a] plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit."  *Id.*  Furthermore, "[i]f a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation, the plaintiff may advance such claims in her subsequent civil suit."  *Id.*

The basis for the instant civil action was Plaintiff's charge that the USPS was breaching the *Bailey II* settlement agreement.  EEOC regulations have established specific procedures for the administrative review of a claim of breach of a settlement agreement.  If a complainant feels that the agency has

failed to comply with the agreement, she must notify the EEO Director, in writing, of alleged noncompliance within thirty days. 29 C.F.R. § 1614.504(a). The agency is required to resolve the matter and respond to the complainant's request in writing. 29 C.F.R. § 1614.504(b). If the complainant is not satisfied with the agency's attempted resolution, she may appeal to the EEOC within thirty days of her receipt of the agency's determination. *Id.*

Plaintiff's charge of breach of the *Bailey II* agreement was properly exhausted in this manner. However, that charge was limited in scope. In the May 28, 2004 letter that initiated the investigation into the alleged breach, Plaintiff claimed that the "settlement agreement has not been implemented," specifying only that "Item (2) Code for time used from April 25, 2003 to January 24, 2004 has not been corrected." (Def.'s Mot. Ex. 3.) Plaintiff did not allege that the USPS had failed to comply with any other provision of the settlement agreement.

Of course, "[a]n administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Chisholm v. United States Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981). Plaintiff argues that her EEO complaint should be construed more

broadly than a mere allegation of a breach of the *Bailey II* settlement agreement's leave code provision.  According to Plaintiff, her May 28, 2004 letter to the EEO office serves as the basis for a broader claims that the USPS breached the *Bailey II* agreement by continuing to fail to accommodate her and that this failure to accommodate resulted in a constructive discharge.  The Court disagrees.

It would be unreasonable to expect the investigation that followed Plaintiff's May 28, 2004 letter to encompass the allegations Plaintiff now presses.  First, Plaintiff's claim alleged a discrete act, namely a breach of the settlement agreement's leave coding provisions, and gave no basis for an investigation of a continuing failure to accommodate.  The Fourth Circuit has held that an EEO charge alleging a discrete act is an insufficient premise for a subsequent civil action alleging a broader pattern of misconduct.  *See Dennis v. County of Fairfax*, 55 F.3d 151, 153, 156-57 (4th Cir. 1995).  Second, Plaintiff's breach claim only required a USPS employee to review whether Plaintiff's leave had been coded correctly.  (Def.'s Mot. Ex. 8.) In contrast, Plaintiff's claims before this Court would have required investigation into the conduct of Plaintiff's immediate supervisors.  It is therefore clear that the administrative charge involved "a different set of individuals with different


rank and responsibility" than the allegations before this Court. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 511 (4th Cir. 2005).

Plaintiff also argues that her May 28, 2004 charge somehow reopened her prior EEO complaints on the subject matter underlying the *Bailey II* settlement agreement. Specifically, Plaintiff contends that the documentation created during the investigation of her underlying *Bailey II* claims should be used in determining the relevant scope of the investigation. *See Lane v. Wal-Mart Stores East, Inc.*, 69 F. Supp. 2d 749, 755-56 (D. Md. 1999). As a general matter, however, where parties have reached a settlement agreement, it is inappropriate to examine the claims underlying the agreement. In such a case, the parties to the settlement contract have agreed to extinguish the legal rights they previously sought to enforce in exchange for those rights secured under the contract. *See Bell-Atlantic Washington, D.C. v. Zaidi*, 10 F. Supp. 2d 575, 577 (E.D. Va. 1997). Indeed, in *Bailey II* settlement agreement, Plaintiff purported to withdraw all pending EEO complaints and appeals related to the subject matter of the agreement. (Compl. Ex. 1.)

This general rule does not necessarily apply where an agreement settling an EEO complaint has been breached. In such a case, the aggrieved party has the right to "request that the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further

processing from the point processing ceased." 29 C.F.R. § 1614.504(a). Plaintiff did not, at any point, seek to have the underlying *Bailey II* complaint reinstated for further processing. Instead, she relied only on her charge that the USPS had breached the leave coding provisions of the *Bailey II* settlement agreement. As such, Plaintiff's voluntarily extinguished claims cannot be relitigated. *See Brown v. United States*, 271 F. Supp. 2d 225, 228-29 (D.D.C. 2003) (holding that where a plaintiff settles a Title VII claim and subsequently seeks enforcement of the terms of settlement, she is barred from reinstating the claims underlying the settlement). The specific breach of contract claim articulated in Plaintiff's May 28, 2004 letter constitutes the extent of the claims she may now pursue.

Finally, the Court is not persuaded by Plaintiff's argument that further resort to administrative procedures would have caused her irreparable injury or would have been futile. In *McDonald v. Centra, Inc.*, 946 F.2d 1059 (4th Cir. 1991), the Fourth Circuit held that a party need not exhaust administrative remedies when the utilization of administrative procedures would cause irreparable injury or the resort to administrative procedures would be futile. *Id.* at 1063. Although Plaintiff has argued that utilization of administrative procedures would have caused her irreparable injury, she has not substantiated this claim in any way. Further, "[f]utility exists only when the

-11-

agency has announced an immutable or hardened position such that the agency's decision is a foregone conclusion." *Plowman v. Cheney*, 714 F. Supp. 196, 202 (E.D. Va. 1989). Such is not the case here, where the agency clearly worked with Plaintiff to resolve her claims in both *Bailey I* and *Bailey II*. Plaintiff's failure to exhaust administrative remedies with regard to her failure to accommodate claim and her constructive discharge claim is therefore not excused.

In sum, the properly exhausted claims in this action are limited by the language of Plaintiff's May 28, 2004 charge of breach and the investigation that could reasonably have been expected to follow. The charge and the conceivable investigation encompassed only one claim: an allegation that the USPS breached the leave coding review obligations contained in item two of the *Bailey II* settlement agreement. Accordingly, the Court will dismiss Count II of Plaintiff's complaint, which alleges constructive discharge. To any extent that Count I alleges that the USPS breached the *Bailey II* settlement agreement by failing to accommodate Plaintiff, the Court will also dismiss that claim.

B.  The Global Release

As stated above, in the *Bailey I* settlement agreement, dated April 18, 2005, Plaintiff executed a global release of all of her asserted and unasserted claims against the USPS. The release had one exception for "any and all claims asserted in

-12-

*Bailey v. Potter*, EEOC Appeal No. 05A50698, Agency Case No. 1K-203-0005-04." (Def.'s Mot. Ex. 7 at 2-3.) This exception for claims asserted in EEOC Appeal Number 05A50698 directly referenced Plaintiff's request for reconsideration of the EEOC's February 23, 2005 decision. *See* footnote 4, *supra*. The only claim asserted in this request for reconsideration and the administrative charges, investigation, and adjudications that preceded it was Plaintiff's contention that the USPS breached the *Bailey II* settlement agreement by failing to review her leave coding.

Thus, aside from this specific breach of contract claim, Plaintiff waived any and all claims that she had against the USPS on April 18, 2005.[5] For this additional reason, the Court will dismiss Plaintiff's constructive discharge claim, as well as any breach of contract claim premised on a failure to accommodate. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 52 (1974) (stating that an employee may waive a Title VII claim as part of a voluntary settlement).

C.  Breach of the *Bailey II* Leave Coding Review Agreement

Plaintiff's only remaining claim is that the USPS breached the provisions of the *Bailey II* settlement agreement

---

[5]None of the claims asserted by Plaintiff in the instant civil action arose after April 18, 2005. Any continuing failure to accommodate Plaintiff necessarily ended on July 15, 2004, the date Plaintiff retired from the USPS. (Compl. ¶ 61.) Plaintiff's constructive discharge claim also necessarily accrued at that time.

that required review of her leave coding. The agreement provided, in pertinent part:

> (2) Mr. Greer [sic] will review from April 2003 to January 2004 to see that leave has been correctly coded.

(Compl. Ex. 1, at 1.) The government has moved for summary judgment with respect to this claim.

The government has submitted an affidavit sworn to by Toni Grier, a USPS injury compensation manager, and dated on July 29, 2004. Grier states:

> This affidavit is in response to breach claim for EEO Settlement, Case No. 1K-203-0005-04, of Annie Jo Bailey, reached at mediation on April 16, 2004. I have responded to the agreement to investigate and determine if any time was coded improperly. Mr. Martin contracted Mr. Owens and discussed this issue with him, in my presence. I had the dates in question from the mediation. Mr. Owens indicated the time that had been in question was for leave other than disability due to her occupational injury. Mr. Owens indicated that some of the leave had been for a family reunion and other unrelated reasons. Since, there was no medical documentation to indicate that the time was in fact, due to the injury, that time could not be verified. The only document reviewed is the TACS printout that indicates how time was entered. There is no medical or supportive documentation from Ms. Bailey to support her premise that the time should have been coded otherwise.

(Def.'s Mot. Ex. 8.)

The government contends that Grier's affidavit demonstrated that she fulfilled the USPS's obligations under section two of the *Bailey II* settlement agreement. On the other hand, Plaintiff has submitted an affidavit stating that she met with Grier during the April 16, 2004 mediation that led to the

*Bailey II* settlement agreement.  (Bailey Aff. at 4-5.)  At that time, according to Plaintiff, Grier stated that Plaintiff had provided complete medical documentation regarding the time period in question.  (*Id.*)  There is thus conflicting evidence as to whether Plaintiff provided medical documentation to support her claim that leave had not been coded correctly.

The resolution of this fact is material to Plaintiff's breach of contract claim.  Grier's affidavit stated that the only document she reviewed in fulfilling the USPS's obligation was a "TACS printout that indicates how time was entered."  (Def.'s Mot. Ex. 8.)  If Plaintiff provided additional medical documentation in support of her leave coding claim and if Grier failed to review this documentation, such could have been a breach of the agency's obligation to review Plaintiff's leave coding.  Accordingly, a genuine issue of material fact exists with respect to the limited claim that the USPS breached the leave coding review provisions of the *Bailey II* settlement agreement.  The Court will deny Defendant's Motion for Summary Judgment on this limited claim.

**IV.   Conclusion**

For the foregoing reasons, the Court will grant the government's Partial Motion to Dismiss and will deny the government's alternative Motion for Summary Judgment.  An appropriate Order shall issue.


February 17, 2006                     _____/s/_____
Alexandria, Virginia                              James C. Cacheris
                                      UNITED STATES DISTRICT COURT JUDGE