```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division

ANNIE JO BAILEY,              )
                              )
          Plaintiff,          )
                              )
     v.                       )    1:05cv936(JCC)
                              )
JOHN E. POTTER,               )
Postmaster General,           )
United States Postal Service, )
                              )
          Defendant.          )
```

**M E M O R A N D U M   O P I N I O N**

       This matter comes before the Court on the Government's motion to dismiss or, in the alternative, for summary judgment. For the following reasons, the Court will grant the Government's motion for summary judgment.

## I.  Background

       Plaintiff, Annie Jo Bailey, is a former employee of the United States Postal Service ("USPS") who was assigned to work at Washington Reagan National Airport as a ramp clerk. In June 2003, Plaintiff filed an administrative Equal Employment Opportunity ("EEO") complaint against the USPS alleging retaliation, wrongful denial of overtime work, and improper denial of her bid assignment.[1]  On February 23, 2004, Plaintiff filed a second EEO complaint, alleging that the USPS had

---

[1] The investigation and settlement stemming from the June 2003 complaint are hereinafter referred to as *Bailey I*.

improperly handled certain leave issues.[2]  *Bailey II* went to mediation and was resolved through a settlement agreement dated April 16, 2004.  That agreement, which purported to be the "complete and final settlement of the subject matter," provided as follows:

> (1) Concerning the FMLA Ms. Bailey will work with Mr. Jordan to get a proper application and certification for FMLA protection for her absences.
> (2) Mr. Greer [sic] will review from April 2003 to January 2004 to see that leave has been correctly coded.
> (3) Ms. Bailey's work schedule will be changed for a later start time, on days when she will not be scheduled to work in her scheduled work.

(Compl. Ex. 1, at 1.)  The agreement also provided that "by signing this agreement the counselee withdraws any and all pending EEO complaints and appeals relative to the subject matter of these complaints."  (*Id.* at 2.)

In a letter to the EEO office in Capitol Heights, Maryland, dated May 28, 2004, Plaintiff asserted that the *Bailey II* settlement agreement had been breached.  Specifically, she stated:

> What I consider a reasonable length of time the settlement agreement has not been implemented.  (Thirty days.)

---

[2] The investigation and settlement stemming from the February 2004 complaint are hereinafter referred to as *Bailey II*.  The proceedings in *Bailey II* were based on Plaintiff's allegation that she should have received compensation for a period from April 2003 until January 2004 during which time the USPS charged her for leave without pay.

>     Item (2) Code for time used from April 25, 2003 to
>     January 24, 2004 has not been corrected.

(Def.'s Mot. Ex. 3.)  On June 24, 2004, the USPS EEO office replied to Plaintiff's letter, informed her that the alleged breach would be investigated, and advised her of her right pursuant to 29 C.F.R. § 1614.504(a) to "request that the terms of the agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased."  (Def.'s Mot. Ex. 4.)

On August 26, 2004, the USPS EEO office issued its determination to Plaintiff that there had been no breach of the *Bailey II* settlement agreement.  (Def.'s Mot. Ex. 5.)  Plaintiff appealed this finding to the Equal Employment Opportunity Commission ("EEOC").  In a decision dated February 23, 2005, the EEOC determined that the USPS had substantially performed its obligations under the *Bailey II* settlement agreement.  *Bailey v. Potter*, Appeal No. 01A46061, 2005 WL 513688 (E.E.O.C. Feb. 23, 2005).

On April 18, 2005,[3] Plaintiff and the USPS agreed to settle the *Bailey I* claims.  Under the terms of the *Bailey I* settlement agreement, the USPS agreed to pay Plaintiff $300 in settlement of the *Bailey I* claims and in exchange for a global release of all asserted and unasserted claims Plaintiff had

---

[3] The agreement itself is dated April 18, 2005.  (Def's Mot. Ex. 7, at 1.)  Plaintiff executed the agreement on May 12, 2005.  (*Id.* at 4.)

against the USPS up until the date of the agreement.  (Def.'s Mot. Ex. 7.)  The global release provided for one exemption, stating:  "This waiver and release does not apply to any and all claims asserted in *Bailey v. Potter*, EEOC Appeal No. 05A50698,[4] Agency Case No. 1K-203-0005-04."  (*Id.* at 2-3.)

On August 15, 2005, Plaintiff filed the instant civil action pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-797, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12113.  Plaintiff's two-count amended complaint set forth claims for breach of the *Bailey II* settlement agreement and constructive discharge.  On February 17, 2006, this Court granted the Government's motion to dismiss Plaintiff's claims for constructive discharge and breach of the settlement agreement based on an alleged failure to accommodate.  The Government has now filed a motion seeking dismissal or summary judgment on Plaintiff's remaining claim that the USPS breached the leave coding review provisions of the settlement agreement.  This motion is before the Court.

## II.  Standard of Review

As set forth in Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the moving party

---

[4]This citation was a reference to Plaintiff's request for reconsideration of the EEOC's February 23, 2005 disposition of her claims under the *Bailey II* settlement agreement.  Plaintiff's request for reconsideration was pending at the time the *Bailey I* settlement agreement was executed and was denied on May 20, 2005.  *See Bailey v. Potter*, Request No. 05A50698, 2005 WL 1275281 (E.E.O.C. May 20, 2005).

can show by affidavits, depositions, admissions, answers to interrogatories, pleadings, or other evidence, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56 mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party is not entitled to summary judgment if there is a genuine issue of material fact in dispute. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of fact exists if a reasonable jury could return a verdict for a nonmoving party. *See id.* In other words, summary judgment appropriately lies only if there can be but one reasonable conclusion as to the verdict. *See id.* As the Fourth Circuit explained,

> [W]e must draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion. Summary judgment is appropriate only where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, such as where the non-moving party has failed to make a sufficient showing on an essential element of the case that the non-moving party has the burden to prove.

*Tuck v. Henkel Corp.*, 973 F.2d 371, 374 (4th Cir. 1992) (citations omitted), *abrogated on other grounds in Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993).

### III.  Analysis

Plaintiff's sole remaining claim in this action alleges that the USPS breached the *Bailey II* settlement agreement by failing to review Plaintiff's leave records to ensure that Plaintiff's leave was correctly coded for the time period between April 2003 and January 2004.  The Government argues that if any breach of the settlement agreement occurred, the breach was immaterial, and Plaintiff did not suffer any damages as a result.  As such, the Government submits that summary judgment is appropriate.

A settlement agreement is a contract, and disputes concerning a settlement agreement are to be resolved under the principles applicable to contracts generally.  *Byrum v. Bear Inv. Co.*, 936 F.2d 173, 175 (4th Cir. 1991).  Because the *Bailey II* settlement agreement purported to resolve claims filed under federal law, the Court should generally look to federal common law for the rule of decision.  *See Pinchback v. Armistead Homes Corp.*, 907 F.2d 1447, 1453 (4th Cir. 1990); *Gamewell Mfg., Inc. v. HVAC Supply, Inc.*, 715 F.2d 112, 114-15 (4th Cir. 1983).  Nevertheless, state law remains an appropriate source from which to draw contract law principles.  *See Gamewell Mfg.*, 715 F.2d at

115; *Silicon Image, Inc. v. Genesis Microchip, Inc.*, 271 F. Supp. 2d 840, 849 (E.D. Va. 2003).

To establish a claim for breach of contract under Virginia law, a plaintiff must demonstrate: "(1) 'a legal obligation of a defendant to the plaintiff,' (2) 'a violation or breach of that right or duty,' and (3) 'a consequential injury or damage to the plaintiff.'" *Westminster Inv. Corp. v. Lamps Unlimited*, 379 S.E.2d 316, 317 (Va. 1989) (quoting *Caudill v. Wise Rambler*, 168 S.E.2d 257, 259 (Va. 1969)). Because Plaintiff would carry the burden of proof at trial, the Government needs only to demonstrate the absence of evidence on any of these elements. *See Cray Commc'ns, Inc. v. Novatel Computer Sys., Inc*, 33 F.3d 390, 393 (4th Cir. 1995). In this case, Plaintiff alleges that the USPS improperly coded her leave time during intermittent periods between April 2003 and January 2004, designating time as leave without pay ("LWOP") when it should have been coded as Office of Worker Compensation Program Leave Without Pay ("OWCP/LWOP").[5] The alleged breach of contract occurred when the USPS failed to correct this improper coding during the course of its review obligations under the *Bailey II* settlement agreement.

---

[5] Plaintiff's complaint alleges that her time should have been coded as "Workers Compensation time." (First Am. Compl. ¶ 38.) This language does not correspond to any USPS leave code, and upon review of Plaintiff's deposition testimony, it is clear that Plaintiff's allegation refers to OWCP/LWOP. (*See* Bailey Dep. at 39-40.)

To put it simply, these allegations, if true, could not amount to "a consequential injury or damage." *Westminster Inv.*, 379 S.E.2d at 317. This is because there is no meaningful difference between time coded as LWOP and time coded as OWCP/LWOP. According to the sworn declaration of Charmaine E. Murmer, the USPS's Program Manager for Retirement, leave time coded as LWOP has identical consequences as leave time coded as OWCP/LWOP, so long as the employee does not exceed 180 days of any calendar year in LWOP status. Both LWOP and OWCP/LWOP are non-pay statuses. Both statuses are treated as time actually worked for purposes of calculating a USPS employee's retirement annuity, leave earning benefits, and ability to retire, as long as the employee does not remain in LWOP status for an excess of 180 days during any calendar year. A USPS employee would not accrue sick leave or annual leave under either status. In short, if the USPS were to recode Plaintiff's leave time as OWCP/LWOP, Plaintiff would receive no benefit whatsoever.

In an attempt to set forth a consequential injury, Plaintiff contends that her non-accrual of OWCP/LWOP leave adversely affected her seniority under the American Postal Workers Union Collective Bargaining Agreement ("CBA"). The relevant portion of the CBA provides that USPS employees must begin a new period of seniority upon their reinstatement or reemployment, unless said reinstatement or reemployment followed

a separation caused by disability, disability retirement, or retirement or resignation caused by personal illness. (*See* Pl.'s Opp. Ex. 3, Art. 37.2.D.5; Art. 37.3.) Contrary to Plaintiff's inference, however, the cited provisions seem to contemplate interruption of seniority accrual only in cases of suspension or termination, as evidenced by their use of the terms "reinstatement" and "reemployment." Plaintiff has not submitted any sort of evidence showing that LWOP interrupts a USPS employee's accrual of seniority. In fact, related circumstances indicate that an employee's accrual of seniority is not affected by LWOP, given that LWOP is treated as time actually worked for purposes of calculating an employee's retirement annuity, leave earning benefits, and ability to retire. Finally, Plaintiff has also failed to submit any evidence showing that any other USPS employee actually surpassed her in seniority due to the number of days she was on leave. As there is nothing to indicate that Plaintiff's LWOP status affected her accrual of seniority, Plaintiff has not stated a consequential injury.

Plaintiff also argues that the possibility of nominal damages satisfies the third element of a Virginia cause of action for breach of contract. The Court disagrees. Nominal damages may, of course, be available under Virginia law where a contract has been breached, but this potentiality does not change the requirement that a plaintiff plead and prove a consequential

injury or damage to state a breach of contract claim.  *See Orebaugh v. Antonious*, 58 S.E.2d 873, 875 (1950) ("While it is true upon the breach of a valid and binding contract the law infers nominal damages, it does not infer or presume substantial or compensatory damages.  The latter must be proven by competent evidence.").  Essentially, Plaintiff seeks to eviscerate the "consequential injury or damage" element of a claim for breach of contract, as nominal damages would always be inferred upon the allegation of a breach of a binding agreement.  Given that the Virginia Supreme Court has consistently upheld this element of a breach of contract cause of action, the better course seems to be to require some evidence of an actual injury.[6]

        Thus, even upon assuming that the USPS failed to perform its obligations under the leave coding review provisions of the *Bailey II* settlement agreement, it is clear that such nonperformance has not caused Plaintiff any consequential injury or damage.  In light of the undisputed facts showing that correction of the allegedly erroneous leave coding would have no consequential effect, the other facts claimed by Plaintiff to be in dispute are immaterial to the resolution of this action.  As the undisputed material facts show that Plaintiff cannot

---

[6] Plaintiff also argues that her claim for specific implementation of the settlement agreement satisfies the consequential injury or damage element. This argument is equally unpersuasive.  Clearly, if the USPS's alleged breach of the settlement agreement caused no damage to Plaintiff, then specific enforcement of that agreement would not remedy any injury or damage.

establish a consequential injury or damage, Plaintiff's breach of contract claim cannot stand.

### IV. Conclusion

For the foregoing reasons, the Court will grant the Government's motion for summary judgment.  An appropriate Order will issue.

June 5, 2006  
Alexandria, Virginia

_____/s/_____  
James C. Cacheris  
UNITED STATES DISTRICT COURT JUDGE